# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Overruled 1-05056-A
in so far as it conflicts

Honorable Richard S. Morris
County Attorney
Claude, Texas

Dear Sir:

Opinion No. O-950
Re: A taxing unit that buys land
sold for taxes under Article
7345b, Vernon's Annotated
Texas Statutes, may, before
the expiration of the redemp-
tion period, assign its claim
to the fund necessary to re-
deem the land, subject to the
limitations set forth in Sec-
tion 9 of said article.

Your letter of recent date addressed to this office
reads as follows:

"Article 7345b, Section 9, providing for sale
of property bid in at tax sale by taxing unit pro-
vides such property may be sold for less than the
adjudged value thereof or the aggregate amount of
the judgment of tax foreclosure suit provided the
other taxing units that were parties to the suit
agree in writing to such sale and that in making
such sale the taxing unit may receive the proceeds
of the sale applying such proceeds first to the pay-
ment of costs than pro rata among the taxing units
in proportion to their tax claims.

"1. Does this section of this article author-
ize the taxing unit holding title to the property
in trust for the use and benefit of itself and
other taxing units to make a private sale of such
property?

"2. Where the property has been bid in by
one of the taxing units in trust and all taxing
units concerned consent to the sale of the property
for less than the aggregate amount of the judgment
and costs, what method should be followed in selling
such property to an individual within the period of
redemption?



Hon. Richard S. Morris, Page 2

"3. Must the sale be made by the sheriff, after notice as sales of land under execution or may the sale be made by the taxing unit at private sale?"

Before we answer your questions, it is necessary that we first review the pertinent statutes and the construction given to some of them by our courts, in order to determine the nature and extent of the interest acquired by a purchaser of land sold for taxes, before the period of redemption expires.

Prior to enactment of Chapter 506, Acts Regular Session, 45th Legislature, Article 7345b, Vernon's Annotated Texas Statutes, which became effective May, 1937, the articles governing the collection of delinquent taxes due the state and counties were found in chapters 8 and 10, Title 122, Revised Civil Statutes of 1925, and the amendments thereto. The provisions of Chapter 10 were made available to cities, towns and independent school districts by the concluding paragraph of Article 7343. The specific articles providing for the redemption by the owner of land sold for taxes were 7283, as amended, 7284, 7285 and 7340. Section 13 of Article 7345b declares that the provisions of said article "shall be cumulative of and in addition to all other rights and remedies to which any taxing unit may be entitled," except where the provisions of said article may conflict with prior enactments, then said Article shall govern. Section 12 of Article 7345b provides for the redemption of land sold for taxes.

Articles 7283, as amended by Chapter 31, First Called Session, 43rd Legislature, effective October 16, 1933; 7284, 7285, 7340, and Section 1 and 12 of Article 7345b, effective May 13, 1937, read respectively as follows:

Art. 7283. "The owner of the real estate sold for the payment of taxes, or his heirs or assigns or legal representatives, may, within two (2) years after the date of filing for record of the purchasers deed, have the right to redeem the land on the following basis:
(1) Within the first year of the redemption period upon the payment of the amount of money paid for the land, including One Dollar ($1.00) tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon plus ten per cent (10%) of the aggregate total.
(2) Within the last year of the redemption period upon the payment of the amount of money paid for the land, including One Dollar ($1.00) tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon plus twenty per cent (20%) of the aggregate total.

Hon. Richard S. Morris, Page 3

"Provided, that, subject to the owner's
right to redeem as aforesaid, any lien holder
or party interested may within the time above
specified redeem said property under the same
provisions.

"Sec. 2. This Act is intended to apply to
and govern the amount necessary to be paid for
redemption from all State, County, municipal
and/or district tax sales of real estate hereto-
fore or hereafter made regardless of the legal
method used in making such sales.

"Sec. 3. In addition to redeeming direct
from the purchaser, redemption may also be made
as provided in Articles 7284 and 7285 of the
Revised Civil Statutes of Texas of 1925. (As
amended Acts 1933, 43rd Leg., 1st. C.S., p. 91,
ch. 31, sec. 1.)"

Art. 7284. "Any person having the right
to redeem any land sold at a tax sale may do so
by payment, within the time prescribed by law,
to the tax collector of the county in which the
said land was sold, of the amount which the law
requires to be paid; provided, that the owner
of said land, or his agent, shall first have
made affidavit that he has made diligent search
in the county where said land is situated for
the purchaser thereof at the tax sale, and has
failed to find him, or that the purchaser at
such tax sale is not a resident of the county
in which the land is situated, or that he and
the purchaser cannot agree on the amount of re-
demption money. In such cases only shall the
owner or agent be authorized to redeem the same
by the payment to the collector of taxes. (Acts
1879, S. S., p. 29; G. L. vol. 9, p. 61.)"

Art. 7285. "Each tax collector to whom
payment is made under the provisions of this
chapter shall give a receipt therefor, signed
by him officially in the presence of two wit-
nesses; which receipt when duly recorded, shall
be notice to all persons that the land therein
described has been redeemed; and said collector
shall on demand pay over to the purchaser at
said tax sale the money thus received by him."

Art. 7340. "Where lands or lots shall hereafter be sold to the State or to any city or town for taxes under decree of court in any suit or suits brought for the collection of taxes thereon or by a collector of taxes, or otherwise, the owner or any one having an interest in such lands or lots shall have the right at any time within two years from the date of sale to redeem the same upon payment of the amount of taxes for which sale was made, together with all costs and penalties required by law, and also payment of all taxes, interest, penalties and costs on or against said land or lots at the time of the redemption."

Art. 7345b, Section 1. "For all purposes of this Act, the term 'taxing units,' shall include the State of Texas or any town, city or county in said State, or any corporation or district organized under the laws of the State with authority to levy and collect taxes."

Art. 7345b, Section 12. "In all suits heretofore or hereafter filed to collect delinquent taxes against property, judgment in said suit shall provide for issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or his assigns; but whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may, within two (2) years from the date of such sale, have the right to redeem said property on the following basis, to-wit: (1) within the first year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus twenty-five per cent (25%) of the aggregate total; (2) within the last year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus fifty per cent (50%) of the aggregate total.

"In addition to redeeming direct from the
purchaser as aforesaid, redemption may also be
made upon the basis hereinabove defined, as
provided in Articles 7284 and 7285 of the Re-
vised Civil Statutes of Texas of 1925."

In this connection we call your attention to the
fact that Articles 5187, 5188 and 5189, Revised Statutes of
1895, were brought forward, without material change, into
the Revised Statutes of 1911 as Articles 7641, 7643 and
7644. No material changes were made in said articles when
they were incorporated in the Revised Statutes of 1925 as
Articles 7283, 7284 and 7285 respectively. Article 7283,
Revised Statutes of 1925, prior to its amendment in 1933,
read exactly as it did as Article 5187, Revised Statutes of
1895. Said article, prior to its amendment in 1933, read:

"The owner of real estate sold for the
payment of taxes, or his heirs or assigns or
legal representatives, may, within two years
from the date of sale redeem the estate sold
by paying or tendering to the purchaser, his
heirs or legal representatives, double the
amount of money paid for the land."

Our courts have repeatedly held that a purchaser
of land at a tax sale acquired no title to the land so pur-
chased until the period of redemption had expired; that the
only right acquired was subject to the right of the owner to
redeem at any time within two years by paying the amount
prescribed by law. Rogers v. Moore, 100 Tex. 220, 97 S. W.
685.

In the case of Bente v. Sullivan, 115 S. W. 350,
error refused, the court said:

"It has been universally held that, where
the statute confers upon the owner the right to
redeem, his title is not extinguished until the
time for redemption has expired. The opinion
generally entertained upon this subject is very
accurately expressed by Judge Cooley in his work
on Taxation (2nd Ed.) p. 542: 'The purchaser has
no title to the land until the time for redemp-
tion has expired. He has consequently no construc-
tive possession of the premises, and no more right
to go upon and make use of them than any stranger

672

to the title would have. His entry upon the premises would be a trespass upon the possession, actual or constructive, of the owner, who may recover against him for injury committed. Redemption gives no new title. It simply relieves the land from the sale which has been made, and this is true whether the redemption is made before the statutory time has expired or by consent of the purchaser afterwards'". Also see McGraw v. Potts, 27 S. W. (2) 550; Masterson v. State, 42 S. W. 1003; City of Marlin v. Green, 78 S. W. 704; Turner v. Smith, 119 S. W. 922, error refused.

We have been unable to find but one Texas case dealing with the question of the right of a purchaser of land at a tax sale to sell the land before the expiration of the redemption period. This is the case of Turner v. Smith, supra. The facts are fully stated in the opinion of the court. It is sufficient for the purpose of this opinion to state that the land there involved was sold for delinquent taxes due against it. The purchasers sold the land before the period of redemption had expired. The grantees then, within the period of redemption, sold the land to the plaintiff Smith. In each instance, the grantors executed and delivered quitclaim deeds to the grantees. These deeds were duly recorded in the county where the lands involved were located and within the redemption period. The owners of the land within the redemption period paid to the original purchasers at the sale the amount of money necessary to redeem the land. The plaintiffs Smith and one Thornton, to whom Smith had quitclaimed, within the redemption period, an undivided interest in the land, but which deed evidently did not appear of record, brought an action in trespass to try title against the owners, Smith and Turner. Apparently the sole question involved in the case was whether the owners, Smith and Turner, had perfected their right of redemption by paying the redemption money to the purchasers at the sale, Owes and Robinson. The plaintiffs contended that the redemption money should have been paid to them, hence the land had not been redeemed and that they were the legal owners of the land under their claim of title based on the tax deed and mesne conveyances.

Hon. Richard S. Morris, Page 7

The Court of Civil Appeals, after quoting from the trial court's finding of facts, made this statement:

"In addition to these findings, it might be stated that there was no assignment or transfer from Robinson and Owen of any claim to the fund necessary to redeem to the appellees (Smith and Thornton) or their vendors."

The court also said:

"The superior right of the owner to the possession and title to lands sold for taxes is not affected or extinguished until the time for redemption has expired (Bente v. Sullivan, 115 S. W. ), and while it is true the purchaser at tax sale may sell or convey whatever right he has acquired, his vendee would acquire no greater right than was possessed by the purchaser, any supposed right he might acquire would be subject to the right of the owner to redeem within the period of time required by law. Before that time had expired, the appellants Winter and Turner (owners of the land) paid to Robinson and Owen (purchasers at the sale) the full amount necessary to be paid in order to redeem. It may be true that appellants were charged with notice of the supposed conveyance executed by Robinson and Owen to Whisenant and Reed and of the various documents in the line of appellees' title and of the instruments under which they hold; but were they, under the law of this state, . . . required in order to redeem, to pay the redemption money to anyone but the original purchasers Robinson and Owen? Article 5187, of the Revised Statutes of 1895 (now Article 7283, R. C. S. of 1925, as amended) says that 'the owner of real estate sold for taxes, or his heirs or assigns or legal representatives, may, within two years from the date of sale, redeem the estate sold by paying or tendering to the purchaser, his heirs or legal representatives, double the amount paid for the land.' The appellants in redeeming complied with the literal terms of this statute. The payment was made to the purchaser, and the word 'purchaser' here used is evidently intended to be limited and applied to the party who purchases at the tax sale. Statutes of this character are liberally construed in favor

Hon. Richard S. Morris, Page 8

of the owner, and the question arises: Must he go outside of this statute to hunt up, in order to redeem the land, some one whom the original purchaser has attempted to convey? Such a construction of the statute would burden the owner with a duty not exacted by the terms of the law, and would require the owner at his peril to correctly determine the merits of the supposed title acquired by the vendee from the original purchaser. Such was obviously not the intention of the Legislature as gathered from the words of this statute. The right is expressly reserved to the owner to redeem only from the purchaser, his heirs or legal represen-tatives. When the vendee of the purchaser acquired his supposed right, he did so with know-ledge of the fact that the law expressly allowed the owner to redeem from the purchaser, and, if he desired protection against the exercise of this privilege, he could have provided for it in his contract of purchase." (All emphasis ours)

We have quoted most of the court's opinion in order that you might have the full benefit thereof. It seems to recognize the right of a purchaser to assign his right to re-ceive the redemption money, and at the same time to declare that is all the right a purchaser of land at a tax sale ac-quires until after the redemption period has expired.

There is no substantial difference between the pro-visions of Section 12 of Article 7345b and the Article dis-cussed by the court other than the amount necessary to be paid by the owner to the purchaser to redeem his land. This sec-tion requires the payment of the redemption money to the "pur-chaser". Such was the requirement of old Article 5187, Revised Statutes of 1895, which became Article 7283 of the Revised Sta-tutes of 1925, and as amended. The provisions of Articles 7284 and 7285 are made available to the owner by both Article 7283, as amended, and Section 12. What the court said in Turner v. Smith, supra, would evidently be applicable in a similar case arising under Article 7345b.

Section 9 of said Article 7345b specifically pro-vides "that if sale has not been made by such purchasing tax-ing unit before six months after the redemption period pro-vided in Section 12 hereof has expired, it shall be the duty of the sheriff upon written request from any taxing unit who has obtained a judgment in said suit, to sell said property at public outcry," and then provides in effect that such sale



shall be made as land sold under execution. The inhibition found in Section 9 against the private sale of land by the taxing unit purchaser for an amount less than its adjudged value or the amount of the judgment, whichever is lower, without the consent of the other interested tax units, would apply to private sales made either before or after the expiration of the redemption period.

If this were a question of first impression, we would be inclined to the view that the Legislature did not contemplate that a taxing unit purchaser of land sold for taxes due it, or due it and other taxing units, might sell its right to receive the redemption money or sell whatever supposed right it acquired in the land before the period of redemption had expired. However, there is no specific inhibition found in Article 7345b, or elsewhere in the statutes or in the Constitution, against the right of a purchaser of land at a tax sale to sell his right to receive the redemption money. The Legislature is presumed to have been familiar with the principles of law announced in Turner v. Smith, supra, and in the other cases cited herein. These principles are substantially as follows: The purchaser of land at a tax sale acquires no title thereto until the time for redemption has expired; he has no right of possession during the redemption period; the only right he acquires is the right to receive the redemption money; this right, he may assign, sell or convey to another; such an assignee or grantee can take no greater right than was possessed by the purchaser at the sale; and the owner may redeem the land during the redemption period by paying the required amount directly to the purchaser, although he has notice of the assignment of his right to receive the money to another.

Basing our conclusions upon the authority cited and what has heretofore been said, we answer your first question as follows:

(a) Undoubtedly the taxing unit may sell at private sale the land purchased at a tax sale after the period of redemption has expired and within six months thereafter. If not sold within that period, the law contemplates that it shall be sold by the sheriff of the county where the land is situated. The statute does not forbid the purchasing taxing unit to sell at private sale the land after six months has elapsed from the date of the redemption period. The sheriff is only authorized to sell the land when he is requested in writing to do so by a taxing unit that has obtain-

676

ed a judgment against the same for taxes.

(b) It is our opinion that a taxing unit purchaser of land at a tax sale may, before the period of redemption has expired, sell, convey or assign at private sale its right to receive the redemption money from the owner, together with the title which will vest upon failure to redeem within the statutory period.

We answer your second question as follows:

It is our opinion that the right to receive the redemption money should be conveyed by a quitclaim deed to the land containing an assignment clause by which the grantee is specificially assigned the right to collect the money from the owner and to issue to him a receipt for the same. The statute does not provide that the purchaser shall execute such a receipt but the owner would have the right to demand and receive some evidence in writing that he had redeemed his land within the time and manner provided by law.

We answer your third and last question by saying that the sheriff has nothing whatever to do with any kind of a private sale whether made before or after the period of redemption has expired. Sales made by the sheriff would not be private, but public sales.

We hope that you have been given the information requested.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Bruce W. Bryant
Assistant

APPROVED JUL 13, 1939
BWB:FL

FIRST ASSISTANT
ATTORNEY GENERAL